UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PRESIDENT DONALD J. TRUMP, 45th President of the United States of America, in his individual capacity,

                  Plaintiff,

v.

SIMON & SCHUSTER, INC., a New York corporation, ROBERT WOODWARD p.k.a. BOB WOODWARD, an individual, and PARAMOUNT GLOBAL, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation f/k/a Westinghouse Electric Corporation,

                  Defendants.

3:23-cv-02333-MCR-ZCB

**MOTION TO DISMISS AMENDED COMPLAINT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Robert Woodward ("Woodward"), Simon & Schuster, Inc. ("S&S") and Paramount Global ("Paramount") (collectively, "Defendants") respectfully move to dismiss with prejudice the Amended Complaint filed by Plaintiff Donald Trump, 45th President of the United States ("President Trump" or "Plaintiff") and state:

1. The Amended Complaint sets forth nine meritless causes of action.

2. Count I seeks declaratory judgment that President Trump owns a copyright in Woodward's work *The Trump Tapes* (the "Work") because it includes statements Plaintiff made over the course of nineteen interviews that Woodward conducted during his term of office (the "Interviews"). Am.Compl. ¶¶65-72. Plaintiff further alleges that Defendants infringed his purported copyright by publishing the Work without permission and demands, "at minimum, $49,980,000.00" in damages. *Id.*

3. Count II (collectively with Count I, the "Copyright Claims") demands that Defendants make an accounting of income and profits derived from the Work. *Id.* ¶¶73-80.

4. Counts III through IX are claims brought under various state laws. Am.Compl. ¶¶81-136 (the "State Law Claims").

5. Counts III through V are unjust enrichment claims against each of the Defendants, alleging that they unfairly benefitted from Plaintiff's participation in the Interviews. Am.Compl. ¶¶81-107.

6. Counts VI, VIII and IX are claims against Woodward for promissory estoppel, breach of contract and breach of the covenant of good faith and fair dealing. Am.Compl. ¶¶108-112, 124-136.

7. Count VII is a claim against all Defendants under the Florida Deceptive and Unfair Trade Practices Act. Am.Compl. ¶¶113-123.

8. The Copyright Claims should be dismissed for the following reasons, fully set forth in Defendants' memorandum of law:

- a. President Trump did not satisfy the copyright registration requirement for the Work or any of the content he purports to own therein, a prerequisite to suit under 17 U.S.C. §411(a).

- b. Woodward is the original author and copyright owner of the Interviews and the Work.

- c. President Trump cannot own his contributions to the Interviews or the Work since those contributions constitute work prepared by an officer of the United States Government as part of his official duties and "[c]opyright protection…is not available for any work of the United States Government." 17 U.S.C. §§101, 105 ("Government Works doctrine").

- d. Even assuming *arguendo* that President Trump owns some copyright interest in the Interviews, the inclusion of that material in the Work is fair use under 17 U.S.C. §107.

9. The State Law Claims fail for the following reasons, set forth more fully in the accompanying memorandum of law:

3

    a.    The State Law Claims are barred by conflict preemption because they conflict with the Government Works doctrine of the Copyright Act.

    b.    The State Law Claims are expressly preempted under 17 U.S.C. §301.

    c.    The State Law Claims fail to state any cause of action.

10.    Additionally, all of the claims against Defendant Paramount, the parent corporation of S&S, fail because the Amended Complaint does not allege that Paramount played any direct role in the alleged wrongdoing.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(K), Defendants respectfully request oral argument on this Motion. Defendants estimate one hour as the required time for the hearing on this Motion together with their accompanying Motion to Dismiss or, in the Alternative, to Transfer for Improper Venue.

| | |
|---|---|
| Dated: May 19, 2023 | **DAVIS WRIGHT TREMAINE LLP**<br><br>*/s/ Elizabeth A. McNamara*<br><br>Elizabeth A. McNamara (NYBN 1930643<br>Linda J. Steinman (NYBN 2137305)<br>John M. Browning (NYBN 5213038)<br>Leena M. Charlton (NYBN 5622147)<br>1251 Avenue of the Americas, 21st Floor<br>New York, NY 10020<br>Phone: (212) 489-8230<br>Email: lizmcnamara@dwt.com<br>         lindasteinman@dwt.com<br>         jackbrowning@dwt.com<br>         leenacharlton@dwt.com<br><br>**GUNSTER, YOAKLEY & STEWART, P.A.**<br><br>Kenneth B. Bell (FBN 347035)<br>Lauren V. Purdy (FBN 93943)<br>Derek K. Mountford (FBN127172)<br>One Independent Dr., Suite 2300<br>Jacksonville, FL 32202<br>Phone: (904) 354-1980<br>Email: kbell@gunster.com<br>         lpurdy@gunster.com<br><br>*Attorneys for Robert Woodward, Simon & Schuster, Inc. and Paramount Global*<br><br>**WILLIAMS & CONNOLLY\***<br><br>Kevin T. Bane (DCBN 438394)<br>Thomas G. Hentoff (DCBN 128600)<br><br>680 Maine Avenue SW<br>Washington, DC 20024<br>Phone: (202) 434-5804 |

5

Email: kbaine@wc.com
thentoff@wc.com

*Of counsel to Robert Woodward*

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Elizabeth A. McNamara*
Attorney
