**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**CASE NO. 3:23-CV-02333-MCR-ZCB**

PRESIDENT DONALD J. TRUMP, 45th President
of the United States of America, in his
individual capacity,

       Plaintiff,

   v.

SIMON & SCHUSTER, INC., a New York
corporation, ROBERT WOODWARD p.k.a.
BOB WOODWARD, an individual, and
PARAMOUNT GLOBAL, a Delaware
corporation f/k/a VIACOMCBS, INC., a
Delaware corporation, f/k/a Viacom Inc.,
successor by merger to CBSCorporation,
a Pennsylvania corporation f/k/a Westinghouse
Electric Corporation,

       Defendants.

_____/

**STIPULATION AND CONFIDENTIALITY AGREEMENT AND ORDER**

IT IS HEREBY STIPULATED AND AGREED, by and among the parties hereto, through their undersigned counsel, that the following provisions of this Stipulation and Confidentiality Agreement and Order (the "**Order**") shall govern disclosure and use by the parties of all documents, testimony, exhibits, interrogatory answers, responses to requests to admit and any other materials and information disclosed or provided in the above-referenced action currently before this Court and, if this action is transferred to another court, in whichever action is created by that transfer (the "**Action**").

1.     All Information produced or disclosed in the Action shall be used solely for the prosecution or defense (including any appeal therefrom) of the Action, and shall not be used for any other purpose.

2.     When used in this Order, the term:

(a)     "**Confidential Information**" shall mean all documents and testimony, and all information contained therein, containing:

(i)     trade secrets or other confidential research, development, business, financial, proprietary, or commercial information that may be subject to a protective order because the information is not generally known and public disclosure would, in the good faith judgment of the Disclosing Party, be detrimental to the conduct of the Disclosing Party's operations or business or the business of any of the Disclosing Party's customers or clients ; or

(ii)     sensitive personally identifying information (including personal addresses, phone numbers, email addresses, birth dates, financial information and Social Security numbers) and medical, psychological, or mental health records, and other medical information;

(iii)     confidential, non-public information that is protected from disclosure by contract, law, court order, statute, regulation or otherwise.

(b)     "**Disclosing Party**" shall refer to any party to this Action and any non-party disclosing or producing Confidential Information in connection with this Action.

(c)     "**Discovery Material**" shall refer to all items or information that are produced or generated in disclosures or responses to discovery in this Action, regardless of the medium or manner in which it was stored, generated, or maintained.

(d)     "**Document**" shall have the same meaning as provided in Rule 34 of the Federal Rules of Civil Procedure the Local Rules of this District, and shall include, without limitation, all original, written, recorded, electronic, or graphic materials, and all copies, duplicates or abstracts thereof including,

2

but not limited to, notes on documents including information contained therein or derived therefrom. This term includes audio and visual materials, including sound recordings.

(e)     "**Information**" shall include individual documents and records (including associated metadata) whether on paper, film or other media, as discrete files stored electronically, optically, or magnetically, or as a record within a database, archive, or container file, including emails, messages, word processed documents, digital presentations, spreadsheets, and database content.

(f)     "**Receiving Party**" shall refer to any party to this Action and any non-party that receives Confidential Information.

3.     A Disclosing Party's designation of Discovery Material as Confidential Information constitutes a representation that such Discovery Material has been reviewed by counsel and that there is a good faith basis for such designation.

4.     Unless otherwise ordered by the court or permitted in writing by the Disclosing Party, a Receiving Party may disclose Confidential Information only to:

(a)     counsel of record in this Action, as well as counsel's employees, vendors or independent contractors and in-house counsel for the named parties to whom it is reasonably necessary to disclose the information in connection with this Action, including paralegals, staff, stenographic and clerical employees;

(b)     the named parties, their agents, and insurers, including officers, directors, independent contractors and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)     any person a Party retains to serve as experts, consultants, or investigators, or otherwise provide specialized advise to counsel in connection with this action, including their staff,  who have signed the Acknowledgment attached hereto as Exhibit A;

(d)     outside photocopying, microfilming, electronic discovery or database service providers, trial support firms, graphic production services, litigation support services, and translators engaged by the parties during this Action to whom disclosure is reasonably necessary for this Action;

(e)     this Court while the Action is before it, any court to which the Action is transferred, and any appellate court to which this Action is appealed, including necessary court personnel, and jurors;

(f)     court reporters and their staff, stenographers or video operators, professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this Action;

(g)     during their depositions and deposition preparation, witnesses in the Action to whom disclosure is reasonably necessary and who have signed the Acknowledgment attached hereto as Exhibit A (although such individuals shall not be permitted to retain any copies);

(h)     any mediator or arbitrator engaged by all named parties in connection with this Action;

(i)     the author or addressee of a document containing the Confidential Information and any other person indicated on the face of the document as having received a copy; and

(j)     other persons only after either notice to all parties and upon order of the Court, or upon written consent of the Disclosing Party.

5.     A Disclosing Party may designate "**Highly Confidential Information**" under the terms of this Order if such party in good faith reasonably believes that disclosure of the Highly Confidential Information to persons other than those identified in Paragraphs 4(a), (c), (d), (e), (f), (g), (h), and (i) of this Order, and any individual specifically designated in Paragraph 4(j) (collectively the "Permitted Highly Confidential Information Recipients") to receive access to Highly Confidential Information is substantially likely to cause injury to the commercial, financial, strategic or business interests of the Disclosing Party or its employees, customers or clients if disclosed to the other parties in this litigation.  Unless otherwise ordered by the court or permitted in writing by the Disclosing Party, a Receiving Party may disclose Confidential Information only to the Permitted Highly Confidential Information Recipients.

6.     Designation of documents or other material as containing Confidential or Highly Confidential Information as set forth in Paragraphs 4 and 5 of this Order may be made at or prior to the time of production of documents by stamping or

otherwise affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page deemed Confidential or Highly Confidential, respectively, in a manner that does not interfere with the legibility of the document. The Disclosing Party must limit designations of Confidential and Highly Confidential Information to only documents, testimony or material or (where appropriate) those parts of documents, testimony, or material that are clearly identified as containing Confidential or Highly Confidential Information, and must specify for each document or portion thereof the level of protection being asserted. When Confidential or Highly Confidential Information is disclosed in a form not appropriate for such placing or affixing, such Confidential or Highly Confidential Information shall be designated as Confidential or Highly Confidential in writing at the time it is delivered to the Receiving Party.

7.      A Disclosing Party may designate as Confidential or Highly Confidential any portion of a transcript from a deposition or a transcript from other pretrial or trial proceedings deemed to contain such material. The Disclosing Party shall advise the court reporter and counsel of record which lines or portions of the transcript contain Confidential or Highly Confidential Information ("**Confidential Testimony**") either orally at the deposition or in writing no later than thirty (30) calendar days after receipt from the court reporter of the final deposition transcript. During such 30-day period, and unless the transcript is designated Highly Confidential in part or in whole, the parties shall treat the entire transcript as Confidential. Transcripts containing Confidential Testimony shall have an obvious legend on the title page that the transcript contains Confidential or Highly Confidential Information, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Confidential or Highly Confidential. At the request of any party and at the expense of the requesting party, the court reporter shall prepare a separate, original transcript that does not contain the Confidential Testimony. Copies of the transcript for counsel's use may contain both the Confidential Testimony and other testimony in a single volume. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential or Highly Confidential Information may not be disclosed to anyone except as permitted under this Order.

The failure to timely designate deposition testimony as Confidential Testimony waives any such designation unless otherwise ordered by the Court or agreed in writing by all parties.

The use of a document as an exhibit at a deposition shall not in any way affect its designation as Confidential or Highly Confidential.

8.      Each expert, advisor, consultant, fact witness, or potential fact witness who receives Confidential or Highly Confidential Information shall be shown a copy of this Order and be advised of its contents. Each such individual shall execute the written acknowledgement attached hereto as Exhibit A.

9.      Any person or entity in possession of Confidential or Highly Confidential Information shall maintain those materials in a secure manner and subject to industry standard ediscovery management protocols, and shall not reveal or discuss such information to or with any person not entitled to receive it, so that the Confidential or Highly Confidential Information is not further disclosed or used in any manner inconsistent with this Order. The protections conferred by this Order cover not only the protected information itself, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might disclose Confidential or Highly Confidential Information to persons not authorized to receive such material.

Nothing in this Order shall be construed as limiting a Disclosing Party's use of its own Confidential or Highly Confidential Information. If the Disclosing Party intentionally disseminates its own Confidential or Highly Confidential Information outside of the confines of this Order (and subject to the clawback provisions of Paragraph 10), such information shall no longer be deemed Confidential or Highly Confidential. In addition, nothing in this Order shall prevent or in any way the disclosure, use or dissemination of any Information designated Confidential or Highly Confidential that is or became public knowledge, not in breach of this Order.

10.      If any time prior to the termination of this Action, a Party learns that it should have designated as Confidential or Highly Confidential Information some document(s) or portion(s) of discovery that it previously produced, that Party may so designate such material, no later than twenty (20) calendar days after learning of the non-designated disclosure, by (i) so apprising all prior recipients in writing and (ii) producing replacement copies of the material, with the appropriate confidentiality designation or stamp according to the terms of this Stipulation and Protective Order. If such notice is given, all documents, materials, or testimony so designated shall be subject to this Order as if they had been initially designated as

Confidential or Highly Confidential to the extent that such documents, materials, or testimony fall within the definition of Confidential or Highly Confidential Information. In addition, the Disclosing Party shall provide the Parties with appropriately labeled replacement versions of such Confidential or Highly Confidential Information and follow the designation requirements of Paragraph 6 within ten (10) calendar days of providing such notice. The Receiving Party will work reasonably with the Disclosing Party to identify to the Receiving Party any recipients of material that was distributed or filed prior to the designation, but the Receiving Party is under no obligation to retrieve or otherwise seal copies of material that was distributed or filed in accordance with this agreement prior to the designation.

Nothing stated herein shall deprive the Receiving Party from its right to object to, and challenge the propriety of the confidentiality designations, in accordance with Paragraph 15 hereof.

11. The Disclosing Party must notify the Receiving Party promptly, in writing, upon discovery that any privileged, Confidential or Highly Confidential Information has been produced. Upon receiving written notice from the Disclosing Party that any privileged, Confidential or Highly Confidential Information has been produced, all such information, and all copies thereof, shall be returned to the Disclosing Party within ten (10) business days of receipt of such notice and the Receiving Party shall not use such information for any purpose. The Receiving Party shall also attempt, in good faith, to retrieve and return or destroy all copies of the documents or information in electronic format.

12. The Receiving Party may contest any privilege, work-product, or confidentiality designation made by the Disclosing Party by following the procedures set forth in Paragraph 15 herein. However, the Receiving Party may not challenge any privilege, immunity, or confidentiality claim by arguing that the disclosure itself alone is a waiver of any applicable privilege or protection.

13. If a Receiving Party is served with a subpoena or a court order issued in another litigation or an investigation that compels disclosure of any Confidential or Highly Confidential Information, that Receiving Party must: (a) promptly notify in writing the Disclosing Party and provide it with a copy of the subpoena or court order; (b) promptly notify in writing the individual or entity who caused the subpoena or order to issue in the other litigation or investigation and provide it with a copy of this Order; and (c) cooperate with respect to all reasonable

procedures pursued by the Disclosing Party seeking to prevent disclosure of the Confidential or Highly Confidential Information.

The Disclosing Party must notify the Receiving Party within ten (10) calendar days of receiving the notice and accompanying information if it intends to seek a protective order from the court to avoid disclosure of the Confidential or Highly Confidential Information.

(a)     If the Disclosing Party timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any Confidential or Highly Confidential Information before a determination by the court from which the subpoena or order issued, unless the Disclosing Party consents to such production in writing. The Disclosing Party shall bear the burden and expense of seeking protection of its Confidential or Highly Confidential Information in the court that issued the subpoena or court order.

(b)     If the Disclosing Party fails to object or seek a protective order from the court within ten (10) calendar days of receiving the notice and accompanying information, the Receiving Party may produce the Confidential or Highly Confidential Information responsive to the subpoena or court order.

(c)     Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

14.     [Intentionally omitted]

15.     No party shall be obligated to challenge the propriety of a designation of Confidential or Highly Confidential Information when initially received, and a failure to do so shall not preclude a subsequent challenge thereto. If, at any time, a party objects to a designation of Confidential or Highly Confidential Information under this Order, the objecting party shall notify the Disclosing Party in writing. Within thirty (30) calendar days of receipt of such notification, counsel for the disclosing party and the objecting party shall meet and confer in a good faith effort to resolve any disagreement regarding the Disclosing Party's designation of the Confidential or Highly Confidential Information. If, for whatever reason, the parties do not resolve their disagreement within that time period, the parties shall submit

their dispute to the Court for resolution in accordance with the procedures set forth below. The documents subject to that application will be treated as Confidential or Highly Confidential until the Court rules. Nothing in this Order shall be construed as preventing any party from objecting to the designation of any documents as Confidential or Highly Confidential or preventing any party from seeking further protection for any material it produces in discovery.

Disputes regarding the propriety of a designation of particular Confidential or Highly Confidential Information or information protected by the attorney-client privilege, work product doctrine, reporters' privilege or other protection shall be submitted to the Court for resolution as follows:

(a)     Within twenty (20) calendar days after the meet and confer, or by such other deadline as may be agreed in writing by the Disclosing Party, the party objecting to the claim of confidentiality or privilege shall provide counsel for the Disclosing Party with a draft of a joint letter to the Court which sets forth the objecting party's position regarding the dispute.

(b)     Within twenty (20) calendar days after receipt of that draft letter, or by such other deadlines as may be agreed to in writing by the objecting party, the Disclosing Party shall provide counsel for the objecting party with an insert for that letter in electronic format which sets forth the Disclosing Party's position.

(c)     If the Disclosing Party fails to provide the insert within the time period prescribed in this paragraph, the designation of Confidential or Highly Confidential Information or privilege designations shall be deemed lifted.

(d)     The letter will then be provided to the Court so that it may rule on the challenge to the confidentiality designation.

Nothing herein shall be deemed to change the burdens of proof established by applicable law.

Notwithstanding anything stated in this Agreement, it is understood that nothing set forth in this Agreement shall be deemed as Plaintiff's agreement or consent to the relevance or application of any reporter's privilege in this matter; to the contrary, Plaintiff objects to any claim of reporters' privilege in this action.

16.     Without written permission from the Disclosing Party or a court order secured after notice to all interested persons, a Receiving Party may not file in the public record in this Action any Confidential or Highly Confidential Information. However, this Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file Confidential or Highly Confidential Information in connection with a motion, brief, or other submission to the court must comply with this Court's practices and procedures so long as the Action is before this Court, and, if this action is transferred to another court, the  practices and procedures of that other court from the date of transfer forward.

17.     Within sixty (60) calendar days after the final disposition of this Action, including any appeals, each Receiving Party must either return all Confidential or Highly Confidential Information to the Disclosing Party or destroy such material, including all copies, abstracts, compilations, summaries, and any other form in which the Confidential Information may have been reproduced or captured.

Whether the Confidential or Highly Confidential Information is returned or destroyed, upon written request of the Disclosing Party within ten days of the 60-day deadline, the Receiving Party must submit a written certification to the Disclosing Party that (a) identifies (by category, where appropriate) all the Confidential or Highly Confidential Information that was returned or destroyed and (b) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Confidential Information beyond what is permitted by this Order.

Notwithstanding this provision, outside counsel that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential or Highly Confidential Information. Any such archival copies that contain or constitute Confidential or Highly Confidential Information remain subject to this Order.

18.     Any non-party producing Confidential or Highly Confidential Information in this Action may be included in this Order by endorsing a copy of it and delivering the endorsed copy to the party that made the request for

information with notice to all other parties. The Requesting Party, upon request, shall file the endorsed copy with the Court and/or serve it on counsel for the other parties. Non-parties and parties to this Action may designate information produced in connection with this Action Confidential or Highly Confidential as consistent with the terms and provisions of this Order.

In the event that additional persons or entities become parties to this Action, such parties shall not have access to Confidential or Highly Confidential Information produced by or obtained from any Disclosing Party until the newly joined parties or their counsel confirm in writing to all other parties that they have read this Order and agree to be bound by its terms.

19.    In the event that a Disclosing Party produces two or more identical copies of a document of which at least one copy is designated as Confidential or Highly Confidential and at least one copy is not so designated, once such a discrepancy is discovered, all copies of the document shall be treated with the greatest amount of protection so designated. If a Receiving Party identifies such a discrepancy, it shall promptly notify the Disclosing Party. Once the Disclosing Party identifies or becomes aware of the discrepancy, it shall promptly notify all other parties to the Action.

20.    This Order shall not prejudice in any way the rights of any party to introduce as evidence at trial any document, testimony, or other evidence subject to this Order that is otherwise admissible, or prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order. A party that intends to present or that anticipates that another party may present Confidential or Highly Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential or Highly Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial. In the event that Confidential or Highly Confidential Information is used in open court during any court proceeding or filed as a trial exhibit, the material shall lose its confidential status and become part of the public record, unless the Disclosing Party applies for and obtains an order from the court specifically maintaining the confidential status of particular material. Before any court proceeding in which Confidential or Highly Confidential Information is to be used, counsel will confer in good faith on such procedures that may be necessary or

advisable to protect the confidentiality of any such Confidential or Highly Confidential Information.

21.     Nothing in this Order or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any party as an admission by a party or a party opponent.

22.     Compliance with the terms of this Stipulation and Protective Order shall not operate as an admission that any particular document or information is or is not responsive, privileged, reflective of personally identifying information, or admissible in this action.

23.     Nothing in this Stipulation and Protective Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced. Nothing contained herein will prevent, limit, or restrict the Parties in any way from objecting to or asserting an immunity or privilege in any prior or subsequent litigation with respect to any material produced in this action. Nothing herein is intended to limit a Party's right, if any, to properly redact information that is privileged or otherwise confidential prior to disclosure

24.     Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents and related information (including metadata) for responsiveness, personally-identifying information, and/or any privilege or protection recognized by law prior to production and/or disclosure.

25.     Nothing in this Order shall be deemed an admission that any particular Confidential or Highly Confidential Information is entitled to protection under this Order, Fed. R. Civ. P. 26(c) or any other law.

26.     This Order shall survive the termination of this Action.

27.     This Order shall not prevent any party from applying to the Court for further or additional protective orders, for the modification of this Order, or from agreeing with the other parties to modify this Order, subject to the Court's approval.

28.     Unless and until this Action is transferred to another court (the "Transferee Court"), this Court will retain jurisdiction over all persons subject to

this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.  If the Action is transferred to another court, the parties shall file this Order with the Transferee Court and will abide by the terms of this Order until the Transferee Court enters the Order, subject to any amendments agreed by the parties or required by the Transferee Court.

[SIGNATURE PAGE FOLLOWS]

Dated: June 27, 2023.

Respectfully submitted,

**GS2 LAW PLLC**

/s/ Robert Garson
Robert Garson, Esq.
Florida Bar No. 1034548
Yanina Zilberman
Florida Bar No. 105665
20803 Biscayne Blvd., #406
Aventura, FL 33180
rg@gs2law.com; yz@gs2law.com
*Attorneys for Plaintiff*

**DAVIS WRIGHT TREMAINE LLP**

/s/ Elizabeth A. McNamara

Elizabeth A. McNamara (NYBN 1930643)
Linda J. Steinman (NYBN 2137305)
John M. Browning (NYBN 5213038)
Leena Charlton (NYBN 5622147)

1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Phone: (212) 489-8230
Email: lizmcnamara@dwt.com
    lindasteinman@dwt.com
    jackbrowning@dwt.com
    leenacharlton@dwt.com

**GUNSTER, YOAKLEY & STEWART, P.A.**

14

Kenneth B. Bell (FBN 347035)
Lauren V. Purdy (FBN 93943)
Derek K. Mountford (FBN 127172)

One Independent Dr., Suite 2300
Jacksonville, FL 32202
Phone: (904) 354-1980
Email: kbell@gunster.com
    lpurdy@gunster.com
    dmountford@gunster.com

*Attorneys for Robert Woodward, Simon
& Schuster, Inc. and Paramount Global*

**WILLIAMS & CONNOLLY\***

Kevin T. Bane (DCBN 438394*)*
Thomas G. Hentoff (DCBN 128600)

680 Maine Avenue SW
Washington, DC 20024
Phone: (202) 434-5804

Email: kbaine@wc.com
    thentoff@wc.com

*\*Of counsel to Robert Woodward*

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**CASE NO. 3:23-CV-02333-MCR-ZCB**

PRESIDENT DONALD J. TRUMP, 45th President
of the United States of America, in his
individual capacity,

      Plaintiff,

  v.

SIMON & SCHUSTER, INC., a New York
corporation, ROBERT WOODWARD p.k.a.
BOB WOODWARD, an individual, and
PARAMOUNT GLOBAL, a Delaware
corporation f/k/a VIACOMCBS, INC., a
Delaware corporation, f/k/a Viacom Inc.,
successor by merger to CBSCorporation,
a Pennsylvania corporation f/k/a Westinghouse
Electric Corporation,

      Defendants.
_____/

**ACKNOWLEDGEMENT**

I, _____, declare that:

1. I have received a copy of the Stipulation and Confidentiality Agreement and
   Order ("**Confidentiality Agreement**") in this Action.

2. I have carefully read and understand the provisions of this Confidentiality Agreement and I agree to abide by its terms.

3. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Confidentiality Agreement, and will not copy or use for purposes other than for this Action any information designated "Confidential" or "Highly Confidential" that I receive in this Action, except to the extent that such information designated "Confidential" or "Highly Confidential" is or becomes public domain information or otherwise is not deemed "Confidential" or "Highly Confidential" in accordance with the Confidentiality Agreement.

4. I agree that at the conclusion of the litigation, I will return all confidential information to the party or attorney from whom I received it.

5. I agree to subject myself personally to the jurisdiction of the Court presiding over this Action for the purpose of proceedings relating to my performance under, compliance with, or violation of the Confidentiality Agreement.

6. I understand that disclosure of information designated "Confidential" and "Highly Confidential" in violation of the Confidentiality Agreement may constitute contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

_____  _____
Date                                       Signature