**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**

3:23-cv-02333-RV-ZCB

PRESIDENT DONALD J. TRUMP, 45th President of
the United States of America, in his individual
capacity,

                                        Plaintiff,

          v.

SIMON & SCHUSTER, INC., a New York
corporation, ROBERT WOODWARD p.k.a. BOB
WOODWARD, an individual, and PARAMOUNT
GLOBAL, a Delaware corporation, f/k/a Viacom
Inc., successor by merger to CBS Corporation, a
Pennsylvania corporation f/k/a Westinghouse
Electric Corporation,

                                        Defendants.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**
**OR, IN THE ALTERNATIVE, TO TRANSFER FOR IMPROPER VENUE AND**
**INCORPORATED MEMORANDUM OF LAW**

          Plaintiff, President Donald J. Trump, 45th President of the United States of

America, in his individual capacity ("Plaintiff" or "President Trump"), respectfully

submits this response in opposition to the Motion to Dismiss, or in the alternative,

to Transfer for Improper Venue ("Motion") and the corresponding Memorandum

of Law ("Defendants' Mem.") [D.E. 37, 37-1]  filed by the Defendants, Simon &

Schuster, Inc. ("SSI"); Robert Woodward ("Woodward"); and Paramount Global ("Defendants") in this matter, and requests that this Court deny the Motion for the reasons set forth below. In further support of this response in opposition, the Plaintiff hereby incorporates the facts pled in its Amended Complaint and further submits the declaration of his attorney, Robert Garson ("Garson Declaration").[1]

---

[1] *See* Exhibit 1 filed in conjunction with Plaintiff's responses in opposition.

**TABLE OF CONTENTS**

Table of Contents……………………………………………………………………… 3

Table of Authorities……………………………………………………………………4

I. THIS ACTION HAS BEEN PROPERLY FILED IN ACCORDANCE WITH 28 U.S.C. § 1400. ……………………………………………………………………………………… 6

A. Copyright Infringement or Action for Declaratory Judgment. ………………… 6

B. 28 U.S.C. § 1400(a) is the controlling venue statute………………………………. 7

C. Defendants "may be found" in the Northern District of Florida. ………………… 11

(i) Standard ………………………………………………………………………… 11

SSI ………………………………………………………………………………… 12

Paramount……………………………………………………………………… 13

Woodward……………………………………………………………………… 14

D. Assuming, *arguendo*, that venue in this matter is governed by 28 U.S.C. § 1391(b), as Defendants contend, Plaintiff's chosen venue is nonetheless correct. ……………………………………………………………………………………… 15

E. State law claims ………………………………………………………………… 17

II. Court's discretion to transfer, rather than dismiss, in the event of improper venue. ……………………………………………………………………………… 17

III. Defendants' request to transfer this matter for convenience of the parties should be denied ……………………………………………………………… 18

A. Defendants' burden under 28 U.S.C. §1404(a)………………………………… 18

B. Defendants have failed to carry their burden under 28 U.S.C. 1404(a). ………… 19

(i) Convenience of the witnesses. ………………………………………………… 19

(ii)Location of relevant documents and relative ease of access to sources of proof. ……………………………………………………………………………………… 20

(iii) Convenience of the parties. ………………………………………………… 21

(iv) Locus of operative facts. ……………………………………………………… 22

(v) Availability of process to compel attendance of unwilling witnesses. ………… 22

(vi) Relative means of parties………………………………………………………… 22

(vii) Forum's familiarity with governing law. …………………………………… 22

(viii) Trial efficiency and interests of justice, based on totality of circumstances. 23

Conclusion as to Transfer of Venue……………………………………………… 23

IV. Conclusion ……………………………………………………………………… 23

CERTIFICATE OF SERVICE……………………………………………………… 24

CERTIFICATION OF WORD COUNT …………………………………………… 25

# TABLE OF AUTHORITIES

## Cases

*Am. Standard, Inc. v. Bendix Corp.*, 487 F. Supp. 254 (W.D. Mo. 1980) ............... 20

*Atl. Recording Corp. v. Project Playlist*, Inc., 603 F. Supp. 2d 690 (S.D.N.Y. 2009). 21

*Bahrampour v. Lampert*, 356 F.3d 969 (9th Cir. 2004). ........................................ 17

*Dakotah, Inc. v. Tomelleri*, 1998 DSD 33, 21 F. Supp. 2d 1066, 1073 (D.C. S.D. 1998) ........................................................................................................... 9

*Database Am. v. Bellsouth Adver. & Publ'g Corp.*, 825 F. Supp. 1216 (D.N.J. 1993) 8

*Emerson Elec. Co. v. Black & Decker Mfg. Co.*, 606 F.2d 234, 238-39 (8th Cir. 1979) ............................................................................................................. 9

*Freeplay Music, LLC v. Gibson Brands, Inc.*, 195 F. Supp. 3d 613, 620 (N.Y.S.D. 2016). ................................................................................................... 22

*Kwik Goal, Ltd. v. Youth Sports Publ'g Inc.*, 2006 U.S. Dist. LEXIS 34460, *12-13. . 22

*General State Authority for benefit of Crompton-Richmond Co., etc. v. Aetna Casualty & Surety Co.*, 314 F. Supp. 422  (N.Y.S.D 1970) ................................... 19

*Gonzalez v. Hernandez*, 2021 U.S. Dist. LEXIS 151011, at *11 (N.D. Fla. 2021) 17, 18

*Harvard v. Inch*, 408 F. Supp. 3d 1255 (N.D. Fla. 2019) ...................................16, 22

*Home Design Servs. v. Westerheim Props.*, 2013 U.S. Dist. LEXIS 193513 ............ 22

*Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162  (11th Cir. 2005) ............................................................................................... 11

*In re Ricoh Corp.*, 870 F.2d 570 (11th Cir. 1989) .................................................. 18

*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945) ........................................................................................................... 11

*J.I. Kislak Mortg. Corp. v. Conn. Bank & Tr. Co., N.A.*, 604 F. Supp. 346, 347 (S.D. Fla. 1985) ................................................................................... 18, 19, 20, 21

*Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003) ..................... 15

*Lynch v. Bailey-Roka*, 2023 U.S. Dist Lexis 65034 (S.D. Fla 2023) ......................... 15

*Maldonado v. BMG Rights Mgmt., LLC*, 2022 U.S. Dist. LEXIS 237380, *3 (N.D. Fla. 2022) ......................................................................................................... 10

*Michel v. NYP Holdings, Inc.*, 816 F. 3d 686 (11th Cir. 2016) ................................ 23

*Motorola Mobility, Inc. v. Microsoft Corp*, 804 F. Supp 2d 1271 (S.D. Fla. 2011) .. 20

*Nationwide Relocation Servs., Inc. v. Walker*, No. 2008 U.S. Dist. LEXIS 131043 (S.D. Fla. Feb. 29, 2008).............................................................................. 16

*Nu Image, Inc. v. Doe*, 799 F. Supp.2d 34, 43 (D.D.C 2011) ................................. 10

*Palmer v. Braun*, 376 F.3d 1254, 1259 (11th Cir. 2004). ...................................... 11

*Phoenix Entm't Partners, LLC v. Gulfcoast Spirits, LLC*, 2019 U.S. Dist. LEXIS 228674 .............................................................................................................. 22

*Sinclair v. Kleindienst*, 711 F.2d 291, 293-94, 229 U.S. App. D.C. 13 (D.C.C 1983) 18

*Sygall v. Pitsicalis*, 2018 U.S. Dist. LEXIS 194562, *4-5 (N.Y.S.D. 2018) ................. 11

*Third Party Verification v. Signaturelink*, 2006 U.S. Dist. Lexis 103553 (M.D. Fla. 2006) .......................................................................................................8, 9

*Time, Inc. v. Manning*, 366 F.2d 690, 697 (5th Cir. 1966) ..................................... 10

*Trans AM Worldwide, LLC v. Jp Superior Sols., LLC*, 2018 U.S. Dist. LEXIS 226020, *17-18 (N.D. Fla. 2018) ..................................................................................... 19

*White v. Overgroup Consulting LLC*, 2015 U.S. Dist. LEXIS 179536 ....................... 22

*Wyndham Vacation Ownership v. Square One Dev. Grp.*, 2020 U.S. Dist. LEXIS 149942 (M.D. Fla. 2020)..................................................................................... 16

## Statutes

28 U.S.C § 1404(a)...............................................................................18, 20

28 U.S.C. § 1367 .......................................................................................... 17

28 U.S.C. § 1400(a)..............................................................................7, 8, 10

28 U.S.C. § 1400(b) .....................................................................................8, 9

28 U.S.C. § 2201 and §2202 .......................................................................... 17

28 U.S.C. §§ 1391(b)(1)-(3).............................................................................9, 15

28 U.S.C. § 1406(A) ...................................................................................... 17

Fla. Stat. § 48.193. ....................................................................................... 12

## Other Authorities

3 Nimmer on Copyright § 12.01 (2022) .................................................................. 7

**ARGUMENT**

I.   **THIS ACTION HAS BEEN PROPERLY FILED IN ACCORDANCE WITH 28 U.S.C. § 1400.**

   A.  **Copyright Infringement or Action for Declaratory Judgment.**

During the pendency of this lawsuit, it became clear that, notwithstanding the Defendants' argument about the lack of copyrightability of the Interviews and the subject works, Mr. Woodward has asserted his copyright over the entirety of the works as follows: "©2022 Bob Woodward." *See* Garson Declaration at ¶¶ 11, 12. As a result of Mr. Woodward's assertion of complete copyright to the works, this lawsuit functions not only as an action for declaratory relief under the Copyright Act but also as an action for copyright infringement given the conflicting copyright claims which have arisen.

Concomitantly with the filing of this action, President Trump applied for registration of the copyright to the Interviews and the published works. Following communications with the Copyright Office, the Copyright Office recognized it is prepared to grant copyright protection to President Trump as a joint author of the

Work. *See* Garson Declaration at ¶¶ 16-17. President Trump is now pending receipt of the copyright registration certificate reflecting President Trump as joint owner.[1]

Only upon consideration of the Copyright Office's acknowledgment of President Trump's copyrights can this Court determine whether this is an action for declaratory judgment or an action for copyright infringement, or both. The Court is not precluded from treating this an action for copyright infringement, since Woodward and SSI are claiming copyright to the exclusion of President Trump. 3 Nimmer on Copyright § 12.01 (2022) ("Because the federal courts have exclusive jurisdiction to determine statutory infringement, they also have incidental power to hear and decide claims of title that necessarily bear upon the ultimate question of infringement.") In any event, whether this is deemed an action for declaratory judgment, or an action for copyright infringement, venue is proper in this district.

**B. 28 U.S.C. § 1400(a) is the controlling venue statute.**

28 U.S.C. § 1400(a) governs venue for "civil acts, suits, or proceedings arising under any Act of Congress relating to copyrights."  Actions falling into these categories "may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). The provision does not refer, nor is

---

[1] The Copyright Office would not consider an individual ownership status without submission of the original recording which has been withheld from the Plaintiff. *See* Garson Declaration at ¶¶ 14-15.

expressly limited, to proceedings involving infringement; this contrasts with subsection (b), which sets forth the venue for "[a]ny civil action for patent infringement." *Compare* 28 U.S.C. § 1400(a) *with* 28 U.S.C. § 1400(b).

President Trump's claims do not pertain to patents. They are not framed as a declaratory judgment action for copyright infringement; and do not seek a declaration of non-infringement or copyright invalidity. In of itself, this fact undermines the force of the Defendants' cited authorities. One of these authorities, *Database Am. v. Bellsouth Adver. & Publ'g Corp.*, 825 F. Supp. 1216, 1223 n.13 (D.N.J. 1993) provides that "[v]enue in a *declaratory judgment action for patent or copyright infringement* is governed by the general venue statute at 28 U.S.C. § 1391(b), rather than by the specific venue statute *for infringement actions* at 28 U.S.C. § 1400(b)." This statement evinces a difference between a declaratory judgment action for copyright infringement, as opposed to an action for copyright infringements.  Another, *Third Party Verification v. Signaturelink*, 2006 U.S. Dist. Lexis 103553 (M.D. Fla. 2006), is premised on a plaintiff's action for declaratory relief as to the defendant's copyright claims. In analyzing venue, that court acknowledged that it

> also considered the applicability of 28 U.S.C. § 1400(a) to the instant action. Generally § 1400(a) determines venue for civil cases relating to copyrights. However case law in other circuits suggests venue for a

> ***declaratory judgment action involving copyright invalidity*** is governed by the general venue statute, 28 U.S.C. § 1391. *Dakotah, Inc. v. Tomelleri*, 1998 DSD 33, 21 F. Supp. 2d 1066, 1073 (D.S.D. 1998); *see also Emerson Electric Co. v. Black and Decker Mfg. Co.*, 606 F.2d 234, 238 (8th Cir. 1979) (holding venue for declaratory judgment action involving patent invalidity and noninfringement is governed by § 1391 and not§ 1400(b)).

(emphasis added). The instant lawsuit asserts declaratory relief, but "it is not a declaratory judgment action involving copyright invalidity." *See id.* In any event, *Third Party Verification* cannot be dispositive because its foundation is *Emerson Elec. Co. v. Black & Decker Mfg. Co.*, 606 F.2d 234, 238-39 (8th Cir. 1979), which is not helpful whatsoever in resolving the central question since *Emerson*  deals exclusively with patents: "[v[enue in a declaratory judgment action for patent invalidity and noninfringement is governed by the general venue statute, 28 U.S.C. § 1391(b) and (c), not the patent infringement venue statute, 28 U.S.C. § 1400(b). *Id.* at 238-39. *Third Party Verification*'s other foundation is *Dakotah, Inc. v. Tomelleri*, 1998 DSD 33, 21 F. Supp. 2d 1066, 1073 (D.C. S.D. 1998), but that, too is problematic. First, *Dakotah*  states that "[v]enue in a declaratory judgment action for copyright invalidity and noninfringement is governed by the general venue statute" (none of which applies to this litigation), and second, because the source of this statement is *Emerson* (which, as set forth above, is immaterial).

Put simply, the Defendants' authorities predominantly rely either upon patents, which are governed by a different subsection than copyrights, or are premised on a cause of action for declaratory judgment of infringement, non-infringement, or invalidity. None of these describes the lawsuit brought by President Trump. This lawsuit may be construed as an action for declaratory relief as to copyright ownership, and as an action for copyright infringement; however, one way or the other, Section 1400(a) governs their deposition for purposes of venue.

Indeed, case law is replete with references to the fact that 28 U.S.C. 1400(a) includes, but is not limited to, copyright infringement scenarios. As set forth in *Nu Image, Inc. v. Doe*, 799 F. Supp.2d 34, 43 (D.D.C 2011), Section 1400(a) is "[t]he copyright venue statute," and is "the controlling venue statute in copyright cases."[2] "[Congress] has decided that copyright actions may be brought in the district where the defendant resides or may be found. 28 U.S.C. § 1400(a)." *Time, Inc. v. Manning*, 366 F.2d 690, 697 (5th Cir. 1966). *See Maldonado v. BMG Rights Mgmt., LLC*, 2022 U.S. Dist. LEXIS 237380, *3 (N.D. Fla. 2022) (describing 28 U.S.C. § 1400(a) as "the specific venue statute for copyright claims."); *Sygall v. Pitsicalis*, 2018 U.S. Dist.

---

[2] That *Nu Image* is a copyright infringement case is irrelevant. *See* Defendants' Memorandum at p. 12. The case delves into an analysis of Section 1400(a) that, on its face, is not limited to matters of copyright infringement.

LEXIS 194562, *4-5 (N.Y.S.D. 2018) (a specific venue statue, § 1400, governs copyright actions.").

## C. Defendants "may be found" in the Northern District of Florida.

(i) Standard

It is well-settled" that a defendant "may be found" in any judicial district where the defendant is subject to personal jurisdiction. *See, e.g.*, *Palmer v. Braun*, 376 F.3d 1254, 1259 (11th Cir. 2004).

The personal jurisdiction analysis consists of a two-step inquiry: (i) determination whether the exercise of jurisdiction is appropriate under the long-arm statute and (ii) determination that the defendant has minimum contacts with the forum state and that the exercise of jurisdiction over the defendant does not offend 'traditional notions of fair play and substantial justice.'" *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1166 (11th Cir. 2005) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945)).

Florida's Long-Arm statute provides for specific jurisdiction as follows:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself . . . to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:

(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

(b) Committing a tortious act within this state.

*Id.*; Fla. Stat. § 48.193. Further, Florida's long-arm statute provides for general jurisdiction where "[a] defendant . . . is engaged in substantial and not isolated activity within [Florida]. *Id.* As set forth below, this Court has personal jurisdiction over each of the Defendants.

**SSI**

SSI has consented to personal jurisdiction in this State and in this District, as it is a corporation that transacts business within this District through, among other things, its acquisition of content from and provision of publishing services to authors. SSI acquires publishing rights from authors and provide publishing services, including editing, marketing, sales, and distribution of books, throughout the United States. SSI admits that it is a major global force with a pervasive broad reach."[3] *See* Am. Compl. at ¶ 11-12.

---

[3]                                     https://about.simonandschuster.biz/corporate-overview/#:~:text=Simon%20%26%20Schuster%20has%20publishing%20and,presence%20in%20every%20major%20market; https://www.simonandschuster.biz/p/social-impact

That SSI sells and distributes its publications, including the works at issue in this action, via its employees and agents in Florida and throughout the United States, including this District, and conducts business in this district, is plainly evident in the limited documentation that the Defendants provided to the Plaintiff reflecting distribution and sales activity in Florida, including the Northern District. *See* Exhibit E to the Garson Declaration.  Given the extent of its contacts with this state, as evidenced by Exhibit E reflecting sales throughout America, including but not limited to Florida, there are in place sufficient minimum contacts with the state of Florida, and there is no affront to any traditional notions of fair play and substantial justice.

**Paramount**

As set forth in the Complaint, *see* Am. Compl. at p. 4,  Paramount has consented to personal jurisdiction in this District, as it transacts business within the District generally and through its wholly-owned division, SSI. Additionally, Paramount's assets include SSI, and Paramount exerts direct control over the executive leadership of SSI.  *See* Form 10Q attached as Exhibit D to the Garson Declaration. By SSI's own admission, it "enjoys a close relationship with parent company Paramount." Moreover, during the time period that significant and relevant events occurred, Paramount was actively seeking to sell SSI to Penguin

Random House and had heightened oversight of SSI's operations and financials. *See* Am. Compl. at p. ¶18. Paramount has not contested any of these allegations in any filings with this Court.  The exercise of jurisdiction over Paramount, as an extension of SSI, here would cause no affront to any traditional notions of fair play and substantial justice.

**<u>Woodward</u>**

Woodward is a global force, unlike SSI (and Paramount). *See* ECF No. 37-1; Woodward Declaration at 37-1. *See* Am. Compl. at ¶¶13-16. Among other things, Woodward is credited as the author of the publications underlying this action, and has in fact asserted his copyright over the works and collaborated with SSI (and Paramount) regarding the presentation, distribution, and sales of the subject works. *See id.* As reflected in his declaration and the Amended Complaint, Woodward regularly authors articles and books which SSI, inter alia, frequently publishes on a global scale. To publicize and sell more copies of such works, Woodward often appears on nationally and internationally televised programs. *See id. See* Amended Complaint regarding confirming he has gained "international attention," is "legendary," speaks across the United States, and engages with the general public via his Masterclass lessons. *See* ECF No. 37-1; Woodward Declaration at 37-1. *See* Am. Compl. at ¶¶13-16. All the foregoing is undisputed, and the

Woodward Declaration [D.E. 37-1] does not convey any denial of all the foregoing allegations but instead stands by his reach across America. The mere fact that Woodward has a close association with Washington D.C. does not automatically immunize him from jurisdiction in the State of Florida. This renders jurisdiction over Woodward appropriate and not violative of any traditional notions of fair play and substantial justice.

**D.  Assuming, *arguendo*, that venue in this matter is governed by 28 U.S.C. § 1391(b), as Defendants contend, Plaintiff's chosen venue is nonetheless correct.**

Section 1391(b)(2) provides that a civil action may be brought in, in pertinent part, "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."   28 U.S.C. §§ 1391(b)(1)-(3).  The "transactional venue" provision "contemplates some cases in which venue will be proper in two or more districts." *See Lynch v. Bailey-Roka*, 2023 U.S. Dist Lexis 65034 (S.D. Fla 2023); *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003). "Only the events that directly give rise to a claim are relevant." *Jenkins Brick Co.,* 321 F.3d at 1371.

Notably, "a plaintiff is not required to select the venue with 'the most substantial nexus,' so long as it chooses a venue where a substantial part of the events causing the claim occurred." *Wyndham Vacation Ownership v. Square One*

*Dev. Grp.*, 2020 U.S. Dist. LEXIS 149942, at *8 (M.D. Fla. 2020) (citing *Nationwide Relocation Servs., Inc. v. Walker*, No. 2008 U.S. Dist. LEXIS 131043, 2008 WL 11333712, at *3 (S.D. Fla. Feb. 29, 2008). *See Harvard v. Inch*, 408 F. Supp. 3d 1255, 1261 (N.D. Fla. 2019) ("Substantial part" does not mean venue is only proper where most of the inciting events occurred.")

This action is tied to Florida, inclusive of this District, because of the substantial distribution, dissemination, and sale of the subject works in this district, which is evident by the documentation the Defendants have produced pre-discovery. *See* Exhibit E to the Garson Declaration. The "substantial part" of the events is not where the Interviews took place or where the Plaintiff was located, or where any agreement between the parties was reached–nor where purported "editing, recording and publicizing of the Work was performed." *See* Defendants' Mem. at pp. 3-4. Rather, the key, substantial part of the events giving rise to this lawsuit is the sale of the subject works; that is the gravamen. The Defendants' limited discovery provided to the Plaintiff during this litigation, Exhibit E (which shall be filed under seal), confirms substantial sales occurred in Florida, and that the various versions of the subject work were sold in Florida by the hundreds. All other events upon which the Defendant relies to try to disconnect the Northern District of Florida from the Plaintiff's claims are, at best, "largely tangential," and

16

for that reason, unavailing. *See Gonzalez v. Hernandez*, No. 4:20-cv-286-MW/MJF, 2021 U.S. Dist. LEXIS 151011, at *11 (N.D. Fla. 2021).

### E.  State law claims

As already set forth in the Complaint, to the extent the Court finds it does not have subject matter jurisdiction over any state law claim pursuant to the above, this Court has supplemental or pendent jurisdiction over any such remaining claims pursuant to 28 U.S.C. § 1367 because such claims are so closely related to President Trump's claims under the Copyright Act and under the Declaratory Judgment Act, 28 U.S.C. § 2201 and §2202, that they form part of the same case or controversy. *See Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004).

## II. Court's discretion to transfer, rather than dismiss, in the event of improper venue.

Assuming, *arguendo*, this Court determines the Northern District of Florida is not the proper venue for litigation of the Plaintiff's claims, dismissal is not the answer.  If the selected venue is deemed improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. §1406(A). Transfer is favored "when procedural obstacles 'impede an expeditious and orderly adjudication . . . on the merits.'" *Gonzalez*, 2021 U.S. Dist. LEXIS 151011, at *11 (citing *Sinclair v.*

*Kleindienst*, 711 F.2d 291, 293-94, 229 U.S. App. D.C. 13 (D.C.C. 1983). "Generally, the interests of justice require transferring a case to the appropriate judicial district rather than dismissing it." *Gonzalez*, 2021 U.S. Dist. LEXIS 151011, at *11. Taking into consideration the totality of the circumstances of this case, in the interest of justice, this matter should be, at most, transferred, not dismissed, to a Florida district in which this matter could have been brought.

## III. Defendants' request to transfer this matter for convenience of the parties should be denied.

### A. Defendants' burden under 28 U.S.C. §1404(a).

The factors considered under 28 U.S.C. 1404(a), which are set forth in Defendants' memorandum and hereby incorporated, *see* Defendants' Memorandum, D.E. 37, at p. 17, confirms Defendants' transfer argument is unavailing. [I]n the usual motion for transfer under section 1404(a), the burden is on the movant to establish that the suggested forum is more convenient. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989); *see also J.I. Kislak Mortg. Corp. v. Conn. Bank & Tr. Co., N.A.*, 604 F. Supp. 346, 347 (S.D. Fla. 1985).

"Absent a clear cut and convincing showing by a defendant that the balance of convenience weighs strongly in favor of a transferree court, a plaintiff's choice of forum will not be set aside." *General State Authority for benefit of Crompton-*

*Richmond Co., etc. v. Aetna Casualty & Surety Co.*, 314 F. Supp. 422, 423 (N.Y.S.D 1970). "The burden is on the defendant, when it is the moving party, to establish that there should be a change of forum. Unless the balance strongly favors the defendant, the plaintiff's choice of forum will rarely be disturbed. *J.I. Kislak Mortg. Corp.*, 604 F. Supp. at 347.

### B. Defendants have failed to carry their burden under 28 U.S.C. 1404(a).

As a preliminary matter, "mere conclusory assertions", "a few factual assertions," and "generalized statements" do not "satisfy the requirement of proving by a clear showing that the balance of conveniences favor the granting of defendant's request" under 28 USC 1404(a). *See J.I. Kislak Mortg. Corp.*, 604 F. Supp. at 348. The Defendants' motion is plagued by all three.  Further, the factors militate in favor of President Trump.

**(i) Convenience of the witnesses.**

This is the most important factor under the statute. *Trans AM Worldwide, LLC v. Jp Superior Sols., LLC*, 2018 U.S. Dist. LEXIS 226020, *17-18 (N.D. Fla. 2018). And yet, the Defendants offer no support for this element.

> "[I]f the party moving for transfer under § 1404(a) merely makes a general allegation that witnesses will be necessary, without identifying those necessary witnesses and indicating what their testimony at trial will be, the motion for transfer based on convenience of witnesses will

be denied. 15 Wright, Miller & Cooper, Federal Practice And Procedure
§ 3851, l.c. 271 (1976).

*Am. Standard, Inc. v. Bendix Corp.*, 487 F. Supp. 254, 262 (W.D. Mo. 1980); *J.I. Kislak*

*Mortg. Corp.*, 604 F. Supp. at 347 (citing *Am Standard*). *See also Motorola Mobility,*

*Inc. v. Microsoft Corp*, 804 F. Supp 2d 1271, 1278 (S.D. Fla. 2011) ("Neither party

has identified any particular witness who will be unavailable to testify in the

respective Districts. Accordingly, this factor does not weigh in favor of, or against,

transfer.").

Here, the sole evidence submitted by the Defendants is the Woodward

Declaration, *see* D.E. 37-1, who only identifies individuals with whom Woodward

has interacted and who have purportedly participated in the publication process.

There is no allegation about the necessity of any witnesses; no identification of who

the witnesses will be; and no indication of what their testimony will be.

**(ii)Location of relevant documents and relative ease of access to sources of proof.**

This element does not weigh in favor of transfer. Although "[t]he location of

records and documents is also a factor that should be considered in determining

the proper forum in a motion for transfer under § 1404(a), . . . because usually

many records, or copies thereof, are easily transported, their location is not

entitled to great weight. This is particularly true with the development of

photocopying." *See Am. Standard, Inc.*, 487 F. Supp. at 264 (citations omitted); *J.I. Kislak Mortg. Corp.*, 604 F. Supp. at 347; *see also Atl. Recording Corp. v. Project Playlist*, Inc., 603 F. Supp. 2d 690, 697 (S.D.N.Y. 2009). If photocopying were of relevance, so too is scanning. The materials that are the subject of this lawsuit can be scanned, are most likely all digital or already on a computer, can be emailed, placed into a cloud-based system or even if physical, can easily be transported anywhere in the United States. In any event, there is no evidence from the Defendants about the location, difficulty of transportation, or importance of books and records.

**(iii) Convenience of the parties.**

The Defendants offers no evidentiary support for this element.

**(iv) Locus of operative facts.**

This fact requires the court to look at the site of the events from which the claim arises. *Harvard*, 408 F. Supp. 3d at 1262. Florida is that site, as set forth above.

**(v) Availability of process to compel attendance of unwilling witnesses.**

The Defendants offers no evidentiary support for this element.

**(vi) Relative means of parties.**

The parties to this action are all well-equipped to fund the instant litigation, given the fact that SSI is one of the largest publishing houses in the world. This factor is neutral, and does not support transfer. *See Freeplay Music, LLC v. Gibson Brands, Inc.*, 195 F. Supp. 3d 613, 620 (N.Y.S.D. 2016).

**(vii) Forum's familiarity with governing law.**

This is one of the least important factors. *Harvard*, 408 F. Supp. 3d at 1264-65. This Court's understanding of and familiarity with the Copyright Act and its nuances is indisputable. *See, e.g. Home Design Servs. v. Westerheim Props.*, 2013 U.S. Dist. LEXIS 193513, *9; *White v. Overgroup Consulting LLC*, 2015 U.S. Dist. LEXIS 179536, *6; *Phoenix Entm't Partners, LLC v. Gulfcoast Spirits, LLC*, 2019 U.S. Dist. LEXIS 228674, *7. *See Freeplay Music, LLC*, 195 F. Supp. 3d at 620 ("Moreover, since federal copyright laws are a subject with which both this district and the Proposed Transferee Districts are familiar, this factor weights against transfer.")

As to the state claims, all courts are familiar with the causes of action of breach of contract, promissory estoppel, and unjust enrichment. Further, federal courts commonly apply state substantive law, which may not be the law of the state in which the federal court sits. *See Kwik Goal, Ltd. v. Youth Sports Publ'g Inc.*, 2006 U.S. Dist. LEXIS 34460, *12-13**.** Defendants cite to *Michel v. NYP Holdings, Inc.*, 816

F. 3d 686 (11th Cir. 2016) to support their call for transfer, but *Michel* has nothing to do with transfer, only the selection of substantive law.

**(viii) Trial efficiency and interests of justice, based on totality of circumstances.**

Defendants offer no analysis on this point.

**Conclusion as to Transfer of Venue.**

Based upon the foregoing, none of the factors weighs in favor of transfer.

IV.    **Conclusion**

For the foregoing reasons, the Motion should be denied. To the extent this Court is inclined to transfer this litigation, transfer to New York or Washington D.C. would not be appropriate.

Dated: June 30, 2023
Aventura, Florida

**GS2 LAW PLLC**
By: /s/ Robert Garson
Robert Garson, Bar No. 1034548
Yanina Zilberman, Bar No. 105665
20803 Biscayne Blvd., #405
Aventura, Florida 33180
(305) 780-5212
rg@gs2law.com; yz@gs2law.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2023, I filed the foregoing Response, which will

send an electronic notice to counsel of record per the service list below.

/s/ Robert Garson

**Service List**

**GUNSTER, YOAKLEY & STEWART, P.A.**
Kenneth B. Bell (FBN 347035)
Lauren v. Purdy (FBN 93943)
One Independent Dr., Suite 2300
Jacksonville, FL 32202
Phone: (904) 354-1980
Email: kbell@gunster.com
        lpurdy@gunster.com

**DAVIS WRIGHT TREMAINE LLP**
Elizabeth A. McNamara (NYBN 1930643)
Linda J. Steinman (NYBN 2137305)
John M. Browning (NYBN 5213038)
Leena Charlton (NYBN 5622147)
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Phone: (212) 489-8230
Email: lizmcnamara@dwt.com
        lindasteinman@dwt.com
        jackbrowning@dwt.com
        leenacharlton@dwt.com

*Attorneys for Robert Woodward,*
*Simon & Schuster, Inc. and Paramount Global*

## CERTIFICATION OF WORD COUNT

I hereby certify that this Response in Opposition complies with Rule 7.1(F) of the

Local Rules for the Northern District of Florida and this Court's order granting

permission to file an oversized document, not to exceed 4,000 words. Dkt. 22.

According to the word-processing system used to prepare this Response in

Opposition, the total word count for all printed text exclusive of the material

omitted under Rule 7.1 is 3991 words.

By: /s/ Robert Garson